CENTRAL TRUST CO. OF NEW YORK et al. v. MARIETTA & N. G. R. CO. et al. (MORSE, Intervener).

(Circuit Court, N. D. Georgia.   April 20, 1894.)

Nos. 488 and 503.

EQUITY PLEADING—RAILROAD FORECLOSURE — INTERVENTION TO OBTAIN CONSTRUCTION OF DEED OF TRUST.

The right of certain bonds to participate in the fund to be derived from a railroad foreclosure sale depended upon the construction of a certain deed of trust, and it was conceded that such construction should be made by the court in which the foreclosure suits were pending, and in connection therewith. *Held*, that it would seem that a petition of intervention was the proper procedure; but, even if it should appear that a dependent original bill was the proper remedy, the court would not reject a pleading styled a "petition of intervention," which contained all the allegations necessary to raise the question to be determined.

This was a petition of intervention, filed by George W. Morse in the foreclosure suit brought by the Central Trust Company of New York and the Boston Safe-Deposit & Trust Company against the Marietta & North Georgia Railroad Company and others.

H. B. Tompkins, for plaintiff Central Trust Co.

Clay & Blair, for defendant Marietta & N. G. R. Co.

John C. Lane, Tully R. Cornick, and A. O. Bacon, for intervener.

NEWMAN, District Judge.   This proceeding by petition of George W. Morse is filed in the above-stated case, and is called in the papers an "intervening petition."   The petitioner seeks, so far as his proceeding is insisted upon now, to have a construction by this court of a certain clause in a trust deed executed by the Marietta & North Georgia Railroad Company to the Central Trust Company of New York, the clause being in reference to the exchange of certain first and second mortgage bonds for a later issue of bonds on an extended line of road called here "Consolidated Bonds."   A demurrer has been filed by the Central Trust Company of New York to this proceeding on several grounds.   The only one now in-

sisted upon is that the petitioner has not adopted the proper method of proceeding to obtain the aid of the court as prayed for. The argument is that the proper proceeding is by an original dependent bill. The allegations which are made in the original petition and in the two amended petitions, taken together, are unquestionably sufficient to raise the question of which the petitioner seeks a determination. It is conceded by counsel presenting the demurrer that the relief sought should be granted in this court, and, as I understand it, it is even conceded that it should be done in connection with the suits here to foreclose the mortgages on the railroad, and in which suits the intervention is filed. The allegation and the prayer of the petition being sufficient, and the proceeding being in this court, where the bill to foreclose the mortgage was pending, and where the proceeds of the sale of the property must be distributed, the court will not reject it, even if it should appear that the petitioner has improperly named it; and this is not at all clear. The question of construction here raised involves the right of certain bonds to participate in the fund which will be derived from the sale of the Marietta & North Georgia Railway, and that fund must be distributed in this court, and by the proceeding in which the intervention is filed. The intervention would seem to be the proper remedy. A dependent bill need contain nothing more than is contained in this petition here and the two amendments, except the prayer for process and service. While the demurrer does not raise the question, it is suggested in argument that there should be service on the railroad company, and the railway company, and, as I understand it, counsel for petitioner, agree to the propriety, if not the necessity, of this, and propose to the court to have such service made before proceeding further. The demurrer is overruled.